IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FRANCISCO CONTRERAS-ESTRADA,
a/k/a Idelfonso Herrera-Ramires,

　　　　　Petitioner,

vs.

CIVIL ACTION NO.: CV512-051

DONALD STINE, Warden, and
UNITED STATES OF AMERICA,

　　　　　Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Francisco Contreras Estrada ("Estrada"), who is currently incarcerated at the D. Ray James Correctional Facility in Folkston, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondents filed a Response, and Estrada filed a Traverse. For the reasons which follow, Estrada's petition should be **DENIED**.

## STATEMENT OF THE CASE

Estrada was sentenced in federal court to 70 months' imprisonment for conspiracy to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), on October 25, 2010. Estrada's projected release date is July 25, 2015, via good conduct time release. Estrada's federal sentence was ordered to run concurrently with his State of Arizona conviction. Estrada was sentenced in state court on February 25, 2009, to three years' imprisonment. (Doc. No. 11-2, p. 2).

72A
v. 8/82)

In this petition, Estrada seeks to have the Bureau of Prisons grant him credit against his federal sentence with time served from April 21, 2009, until October 25, 2010.[1] Respondent asserts that the Bureau of Prisons has given Estrada all of the credit he is due.

## DISCUSSION AND CITATION TO AUTHORITY

It is the duty of the United States Attorney General, acting through the Bureau of Prisons ("BOP"), to determine the amount of credit due for the time served by the defendant prior to sentencing. United States v. Alexander, 609 F.3d 1250, 1259 (11th Cir. 2010). 18 U.S.C. § 3585, which deals with "credit for prior custody," is controlling for making credit determinations for sentences imposed under the Sentencing Reform Act of 1984. This statute provides:

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit of Prior Custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585 (Emphasis added). In determining the proper credit, a two-part analysis is helpful. First, it must be determined when the sentence commenced. A

---

[1] Estrada actually seeks credit from April 31, 2009, and the government makes no effort to correct this error. There are not 31 days in the month of April. Upon review of the documents in this case, it appears that Estrada is seeking credit beginning on April 21, 2009. (See Doc. No. 11-1, p. 4).

2

sentence "'cannot begin prior to the date it is pronounced, even if made concurrent with a sentence already being served.'" Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)). Here, Estrada's federal sentence began on October 25, 2012, the date his federal sentence was imposed. Next, it must be determined what credit is due for time served prior to the commencement of Estrada's federal sentence.

The court must begin with the plain language of the statute itself. Harris v. Garner, 216 F.3d 970, 972 (11th Cir. 2000) (en banc) ("We begin our construction of [a statutory provision] where courts should always begin the process of legislative interpretation, and where they often should end it as well, which is with the words of the statutory provision."). Section 3585(b) clearly states that, in some circumstances, a defendant is entitled to credit for time served prior to sentence commencement *unless* that time has been credited against another sentence.

Estrada was sentenced in federal court on October 25, 2010 (Doc. No. 11-1, p. 4), and his state sentence was completed on May 27, 2011. (Id. at p. 5). The federal court ordered that Estrada's federal sentence run concurrently with his Arizona state sentence. (Id. at p. 4). Because Estrada's federal sentence was ordered to run concurrently with his state sentence, it must be determined whether Estrada is entitled to prior custody credit toward his federal sentence pursuant to Willis v. United States, 438 F.2d 923 (5th Cir. 1974), also known as the Willis doctrine. The Willis doctrine provides an exception to the "double credit" rule "when an inmate is serving concurrent federal and state terms with a state full-term date that is equal to or less than the federal full-term date. When this exception applies, an inmate is entitled to receive Willis credit

toward his federal sentence for all pre-sentence, non-federal custody that occurs on or after the date of the federal offense until the date that the first sentence (state or federal) begins." Edison v. Berkebile, 349 F. App'x 953, 956 (5th Cir. 2009); Program Statement 5880.28.

Estrada was arrested under the name "Juan Enrique Ramirez" in Maricopa County, Arizona, on October 30, 2008. (Doc. No. 11-1, p. 3). Estrada was sentenced in Arizona state court to three (3) years' imprisonment on February 25, 2009. (Id. at p. 4). The BOP gave Estrada credit toward his federal sentence from October 30, 2008, through February 24, 2009, which are, respectively, the date Estrada was arrested in Arizona and the date Estrada was sentenced in state court.

On April 2, 2009, a writ of habeas corpus *ad prosequendum* was issued, and Estrada was taken into federal custody pursuant to this writ on April 21, 2009. (Doc. No. 11-1, p. 4; Doc. No. 11-2, pp. 9-10, p. 13). Estrada was sentenced in federal court on October 25, 2010, and was sent back to state authorities on that same date.[2] Thus, the Court must determine whether Estrada is entitled to credit against his federal sentence from April 21, 2009, until October 25, 2012, the date Estrada was sentenced in federal court.[3] "[I]f a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only

---

[2] Based on the evidence before the Court, Estrada committed his federal offense on November 29, 2006. (Doc. No. 11-2, p. 3). The BOP gave Estrada credit against his federal sentence from June 16 through 19, 2006, but it is unclear why the BOP did so based on the evidence presented. (Id. at pp. 24, 39).

[3] Estrada seeks credit against his federal sentence for time he spent on loan to the federal government while in the custody of state authorities. Instead of spending two pages of its brief discussing the exhaustion of administrative remedies, which the government recognizes is not at issue in this case, the government should have focused on the application of the proper law and given the Court a proper discussion of why Estrada is not entitled to any more credit against his federal sentence than the BOP has given him.

4

temporary. The prisoner will be returned to state custody at the completion of the federal proceedings or the federal sentence if the federal government wishes to execute it immediately.'" Powell v. Jordan, 159 F. App'x. 97, 99-100 (11th Cir. 2005) (quoting Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir.1980)). "A writ of habeas corpus *ad prosequendum* is only a loan of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction." Civiletti, 621 F.2d at 693. Because Estrada was only "on loan" to federal authorities between April 21, 2009, and October 25, 2010, and based on Respondents' representations that the State of Arizona credited his state sentence with this time, Estrada is not entitled to credit against his federal sentence for this time period.[4]

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Estrada's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 15th day of October, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[4] The undersigned cannot discern whether the State of Arizona actually credited Estrada with this time against his state sentence. (Doc. No. 11-2, pp. 6-7). The undersigned accepts Respondents' representations in this regard.

O 72A
Rev. 8/82)